B.

## Brantingham's Case.

THE defendant, having been furrendered in difcharge of his bail, and thereupon committed to cuftody, the plaintiff proceeded to judgment, but fuffered *more than three months to elapfe* after judgment was entered, without charging the defendant in execution.   He was then fummoned before his Honour Mr. *Juftice Benfon*, at his chambers, to fhew caufe why a *fuperfedeas* fhould not iffue, becaufe he had not charged the defendant in execution, within the time prefcribed by the 12th fection of the Act, entitled " An Act for the relief of debtors, with refpect to the imprifonment of their perfons," paffed the 13th of February, 1789.   The plaintiff, after notice of the application and before the time of attendance, charged the defendant in execution, and on the hearing, fhewed that for caufe.

His Honour *Judge Benfon*, referved the queftion, and ftated the cafe to the judges at a conference, at which they were all prefent.

They were of opinion that a *fuperfedeas* ought not to be allowed: That the intent of the ftatute was to enable the defendant to put the plaintiff to his election, either to charge the defendant's body in execution, or to refort to his eftate; and the plaintiff having made his election before the *fuperfedeas* was allowed, the defendant was not entitled to his difcharge.